AO 472 (Rev. 3/86) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

_____ District of _____ Delaware

UNITED STATES OF AMERICA
V.
Corey J. Wilson
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case CR06-18-SLR.

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

(1) There is probable cause to believe that the defendant has committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  - ☐ under 18 U.S.C. § 924(c).
- ☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

- X (1) There is a serious risk that the defendant will not appear.
- X (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

FILED
NOV 13 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by   X clear and convincing evidence   X a preponderance of the evidence: Defendant is charged with possession of a firearm by a convicted felon. At the present time he s incarcerated in a state facility for conviction for possession with intent to deliver a narcotic schedule II controlled substance. At the present, in light of his circumstances, defendnat did not oppose the government's motion for detention, but reserved the right to do so in the future should his present situation changes. That request was granted. In addition to his present incarceration and non-opposition, the court finds that there are no conditions or combination thereof that will reasonably assured defendants appearance as required and the safety of the community for the following reasons:

1. although not a rebuttal presumption case, defendant's offense falls within the category of a very serious crime. The evidence shows that defendant was wanted on a FTA warrant and on August 5, 2006, his state probation officer found him. At that time he was on probation for trafficking in cocaine and had just been convicted of another drug related charge, but not yet sentenced. When he was located, he was coming out of a bedroom which when search a 9 mm weapon with two loaded and two unloaded magazines were found.

2. Despite having an extremely spotty employments history (last employment in 2005 was as a laborer in landscaping and previously at Scrub-A-Dub), defendant reported owning several cars including a 2004 Mercedes (worth about $60K) and a home worth $227K along with "several pieces of jewelry worth around $30K. This raises the serious question of how he is able to afford or accumulate such assets in the absence of employment.

3. Defendant's criminal history is extensive, beginning at at 16 when he was convicted of robbery 2d (reduced from robbery 1st) in 1997. For that conviction he was found VOP on two occasions (one for a new arrest). At age 19 defendant graduated up to possession of a deadly weapon by a prohibited person, which eventually was nol prossed after a capias was issued for FTA. He has another 2 FTAs for failing to appear for traffic violations in 1999. In August 1999, he was convicted of possession of a scheduled controlled substance (reduced from delivry and a whole host of other more serious drug related offenses). In December 1999, he was arrested for delivery of a narcotic scheduled II substance, for which a FTA was issued. eventually that charged was nol prossed when he entered a guilty plea on another drug offenses. In November 2001, he pled guilty to maintaining a dwelling for controlled substances. This guilty plea appears to be part of a pack deal for his arrest in December 1999 on the delivery charge. For dwelling-drug charge he was found in VOP. Defendant pled guilty to lesser offense of trafficking in cocaine 5-50 gm (arresting charge

AO 472 (Rev. 3/86) Order of Detention Pending Trial

was over 100 gm.) and again got a break on his prison sentence to serve only 3 of the 6 year sentence. This conviction occurred in November 2001. Defendant was convicted on a controlled substance on school property in NJ (all his prior drug convictions occurred in DE) in June 2005. In Sept. 2005 a warrant was issued and detainer lodged. His sentence is pending on that charge. In January 2006, defendant pled guilty to possession with intent to deliver a narcotic controlled substance for which he previously had a FTA. His bail was revoked and he is pending sentencing on that charge at the time of his federal arrest. The above litany only highlights his more serious offenses and did not address defendant's entire criminal history.

4. Defendant has failed to appear on at least 7 prior occasions. For this present charge, defendant is probably a career offender.

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| November 13, 2006 | _(signature)_ |
|---|---|
| Date | Signature of Judicial Officer |
| | Mary Pat Thynge, Magistrate Judge |
| | Name and Title of Judicial Officer |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 et seq.); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 et seq.); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).